UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STUD STEPHENS,

        Plaintiff,

vs.                                          Case No. 8:07-cv-1668-T27MAP

FRANK JOHNSON, et al.,

        Defendants.
_____/

## ORDER OF DISMISSAL WITH PREJUDICE

**PURSUANT TO** a *sua sponte* review of the Complaint (Dkt. 1), this Court finds that this action is patently frivolous and due to be dismissed with prejudice.[1]

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for violations of his Fifth, Sixth, and Fourteenth Amendment rights in connection with the execution of a property settlement agreement in 1997. Specifically, Plaintiff alleges that his signature was "photographically transported" on a "Stipulation for Settlement," which disposed of his father's business interests following his intestate death. (Dkt. 1, ¶ 16; at 13-17). Plaintiff sues an attorney and notary he alleges participated in the fraud, as well as other family members who were recipients of interests under the Stipulation for Settlement.

---

[1] *See Danow v. Borack*, 197 Fed. App'x 853, 856 (11th Cir. 2006) (notice to Plaintiff prior to dismissal is not required when suit is patently frivolous). Because it is not evident that Plaintiff is incarcerated and because he has paid the filing fee, the Court does not review the Complaint review pursuant to 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2).

1

On May 29, 2007, Plaintiff filed, through counsel, a motion to set aside judgment in the original probate case (Case No. 94-2159) in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County. (Dkt. 1, ¶ 18; at 6). Plaintiff alleges that an evidentiary hearing on this matter was held on September 10, 2007. (Dkt. 1, ¶ 19).

Plaintiff has failed to state a cognizable Section 1983 claim pursuant to the Fifth, Sixth, or Fourteenth Amendments. The Defendants are not state actors, and Plaintiff has not alleged any violation of his substantive or procedural due process rights or right to assistance of counsel. *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (42 U.S.C. § 1983 applies only to state actors or private actors in limited circumstances acting in conjunction with the state); *see also Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980) (no Fifth or Sixth Amendment right to appointed counsel in civil case). Plaintiff also fails to state an actionable Section 1985(3) conspiracy to violate a private right protected by the United States Constitution. *Park v. City of Atlanta*, 120 F.3d 1157, 1162 (11th Cir. 1997). Plaintiff's remedy, to the extent he has one, is with the Thirteenth Judicial Circuit on a motion to set aside judgment pursuant to Rule 1.540(b) of the Florida Rules of Civil Procedure. It does not appear that Plaintiff will be able to state any federal cause of action under the facts alleged.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the case.

**DONE AND ORDERED** in chambers this 24th day of September, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

2